# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2020

Lyle W. Cayce
Clerk

No. 19-30673
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NELSON BELL, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CR-74-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Nelson Bell, Jr., pleaded guilty to possessing unregistered firearms, in violation of 26 U.S.C. § 5861(d), and was sentenced above the guidelines range to 72 months of imprisonment. He argues that the sentence was substantively unreasonable, urging that the district court failed to consider his serious health problems and asserting that his medical condition renders a prison

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence much harsher for him than the average inmate and mitigates his future dangerousness.

We review the substantive reasonableness of a sentence under a highly deferential abuse-of-discretion standard. *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Bell's assertion that that the district court failed to consider his health problems is defeated by the record. His ailments were detailed in the presentence report, which the district court adopted, and were further highlighted in his sentencing memorandum, which the district court specifically stated it had considered when selecting the appropriate sentence. The court listed at length the reasons that it found a guidelines sentence to be inadequate, including: the serious nature of Bell's offense, which involved him firing a shotgun at his wife; that Bell's criminal history category inadequately reflected the nature of his criminal history; the need to protect the public from Bell given his history of domestic abuse and violence; and the need for deterrence—all of which are proper sentencing concerns. *See* § 3553(a); *see also United States v. Fraga*, 704 F.3d 432, 440-41 (5th Cir. 2013). The court's refusal to award a within-guidelines sentence based on Bell's mitigating arguments does not render the sentence imposed unreasonable. *See id.*

Bell has not demonstrated that the district court abused its discretion in selecting the sentence imposed. *See Diehl*, 775 F.3d at 724; *Cooks*, 589 F.3d at 186. Accordingly, the district court's judgment is AFFIRMED.